IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ISAURA PEREIRA**<br>757 East Main Street<br>Apt F-108<br>Lansdale, PA 19446<br><br>*Plaintiff*,<br><br>vs.<br><br>**BEST FRIEND PRODUCTS CORP.**<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>-and-<br><br>**WILLIAM F. EFRAIN**<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>*Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant for unlawful disability discrimination in violation of the Americans with Disabilities Act ("ADA") and other applicable federal and state law.

### PARTIES

2. Plaintiff is Isaura Pereira ("Plaintiff"), an adult individual currently residing at the above address.

3. Defendant, Best Friend Products Corp. ("Defendant"), is a corporation that is believed and therefore averred to have been created and existing pursuant to the laws of the State of Delaware with a registered agent for service of process at the above-captioned address.

4. Defendant William F. Efrain ("Efrain") is liable under the PHRA pursuant to 43 P.S. § 955(e) (allowing for accomplice liability for individual employees who aid and abet a § 955(a) violation by their employer).

5. Efrain is believed and therefore averred to be one of the owners of Defendant.

6. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

7. Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

8. It is believed and therefore averred that Defendant is an "employer" within the meaning of the Family Medical and Leave Act ("FMLA") as it engages in commerce, or in any industry or activity affecting commerce, and has fifty ("50") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

9. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

12. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

13. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

14. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an employment discrimination action.

17. Plaintiff filed timely written charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination at No. 530-2014-01250 on or about December 19, 2013.

18. The instant action is timely because it is initiated at least ninety ("90") days after the receipt of a Right to Sue Letter from the EEOC which was mailed on or about December 29, 2015.

19. Plaintiff has exhausted federal and state administrative remedies as to the allegations of the instant Complaint at the time of filing.

## FACTUAL BACKGROUND

20. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

21. Plaintiff is a female and former employee of Defendant.

22. Plaintiff was employed by Defendant at its place of business in Chalfont, Pennsylvania.

23. Plaintiff was employed by Defendant as a Warehouse Manager from approximately August 6, 2012 until August 16, 2013 when she was unlawfully terminated.

24. Earlier in August 2012, Plaintiff suffered a heart attack caused by coronary blockage and was hospitalized for a couple of days.

25. When Plaintiff attempted to return to work, she was informed by the employer that it was too soon and she was requested to send in her discharge papers allegedly so that they could be submitted to the insurance company.

26. Defendant informed Plaintiff that she was to wait until her follow-up visit with her doctor on or about September 4, 2013, before she would be permitted to return to work.

27. Before her scheduled visit to her doctor on or about September 4, 2013, Plaintiff received a phone call at home from the owner William Efrain.

28. Efrain told Plaintiff that they would have to terminate her employment because she had a heart attack and that it was too "risky" to have Plaintiff run the warehouse.

29. Plaintiff did not have any restrictions in terms of her return to work and the blockage she suffered would not have in any way affected her performance.

30. Plaintiff was discriminated against on the basis of her disability and/or perceived disability by Defendant.

## COUNT I
### Americans with Disabilities Act
### *Against Best Friend Products Corp.*

31. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

32. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because that individual has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because he had a record of such impairment.

33. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because that individual was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

34. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of a disability or perceived disability.

5

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Pennsylvania Human Relations Act
*Against All Defendants*

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. The foregoing disability discrimination by Defendants also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

38. As a result of Defendants' violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## COUNT III
### FMLA Interference and Retaliation
*Against All Defendants*

39. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

40. It is believed and therefore averred Plaintiff was an "eligible employee" within the meaning of the FMLA because he was:

   a. employed by Defendant for a period of at least twelve (12) months; and

   b. worked at least 1,250 hours in the twelve-month period immediately preceding the scheduled commencement of his FMLA leave.

41. Plaintiff was entitled to FMLA leave and protections associated thereto.

6

42. At all times relevant hereto, the Defendant was prohibited by law from interfering with, restraining, or denying the exercise of or attempt to exercise Plaintiff's FMLA rights.

43. At all times relevant hereto, the Defendant was prohibited by law from discharging or in any other manner discriminating against Plaintiff for opposing any practice made unlawful.

44. As a matter of law, Plaintiff need not show that he was treated differently than others in pursuing an FMLA interference claim, and the Defendant cannot justify its actions by establishing a legitimate business purpose for its decision.

45. As a matter of law, Defendant either knew or should have known that Plaintiff was qualified for leave under the FMLA because of his serious health condition.

46. As a result of Defendants' violations of the FMLA, Plaintiff has suffered damages, as set forth herein.

47. At all times relevant hereto, Defendants willfully violated the FMLA insofar as they knew or showed reckless disregard regarding whether their conduct was prohibited.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against each Defendant and that it enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden by applicable federal and state law;

B. Defendant is to promulgate and adhere to a policy prohibiting retaliation for violating applicable federal and state law.

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for its illegal

actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions and inactions of Defendant to the extent such damages are available as a matter of law;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter it and/or other persons or entities from engaging in such misconduct in the future;

F. Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. Any verdict in favor of Plaintiff is to be judicially molded to provide Plaintiff the maximum financial recovery in light of the damage caps set forth in applicable federal and state law.

I. That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

J. Plaintiff's claims are to receive a trial by jury to the extent permitted by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

*/s/ W. Charles Sipio*
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: March 28, 2016

9